Leonard J. Supple, J.
The plaintiffs are developers of real estate who purchased vacant land in the defendant town. The plaintiff, Albrecht, expended approximately $40,000 in the installation of roads, water mains and water facilities, pursuant to the requirement of the Town Planning Board. All had paid substantial sums for the land they owned. The defendant town amended its Zoning Ordinance on July 24, 1956 and September 25, 1956 by enactment of a new article VIII B thereof that provided that thereafter no more than 112 residential building permits per annum should be issued for any land that the Town Board should thereafter declare to be within a special residence district authorized by the article and that the 112 permits for each year should be allotted 25% to the quarters beginning June 1 and September 1; 15% to the quarter beginning December 1 and 35% to the quarter beginning March 1 of each year.
*256 After the Town Board had issued a declaration placing practically all the residential land in the town, outside an incorporated village, in such a special residence district, the plaintiffs, alleging that the provisions of the ordinance were beyond the powers granted to the Town Board by section 261 of the Town Law and violated the constitutional provisions against the »taking of their property without just compensation, brought this action to declare the new article invalid and unconstitutional and to enjoin enforcement.
There is nothing in section 261 of the Town Law that gives the defendant town power to regulate the rate of its growth and the Zoning Ordinance article under attack here is a direct regulation of the rate of growth and nothing more. If section 261 of the Town Law vested that power in the defendant town, it would still be required, pursuant to the provisions of section 263 of the Town Law to make that regulation ‘ ‘ in accordance with a comprehensive plan * * * to facilitate the adequate provision of * * * schools,” and there is nothing in the record to suggest that the article under attack was drawn in accordance with any plan to facilitate the adequate provision of schools, much less any comprehensive plan. All the evidence indicate that the article was enacted to relieve School District No. 4 of the necessity to provide additional school facilities at any greater rate than one arbitrarily fixed by the article.
Where article VIII B within the terms of the power granted the defendant town by the Town Law, it would, nevertheless, be unconstitutional because to whatever extent it was effective it would deprive the plaintiffs here of all beneficial use of their land and would make it impossible for them to obtain any reasonable return on their investment. The article, although it nowhere uses the word “ vary ” or “ variance ” seeks to throw a gloss of legal respectability over itself by a section 11 using phraseology from subdivisions 5 of section 267 of 'the Town Law, but even section 11 permits no reasonable return on the plaintiffs’ investment in their lands, only amortization of the costs of improvement of the realty, and by this and other limitations it sets forth also attempts to deprive the Board of Appeals of power clearly conferred on that board by subdivisions 5 of section 267 of the Town Law.
The record shows no national or State-wide emergency demanding the exercise of police power in the manner in which the defendant town here seeks to exercise it, and if the record did show an emergency of that kind, the defendant town would not be empowered by the Town Law to take measures to meet it.
*257 The court will, then, grant judgment declaring article VIII B of the Zoning Ordinance of the Town of New Castle enacted July 24, 1956 and September 25, 1956 invalid and void both because it violates the constitutional prohibition against taking property without just compensation and because no power to enact it was vested in the defendant town by the Town Law, and enjoining the defendants and their successors in office, as sought in the fourth demand for relief in the complaint, from enforcing or threatening the enforcement of article VIII B.
Proposed findings and conclusions should be submitted at chambers, Court House, Poughkeepsie, New York.